# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LINCE MANAGEMENT,<br><br>                Plaintiff,<br><br>v.<br><br>CHANEL WHITSON,<br><br>                Defendant. | 1:18-cv-432-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Chanel Whitson's ("Defendant" or "Whitson") Objections [5] to Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [3]. The R&R grants Defendant's request to proceed *in forma pauperis* solely for the limited purpose of determining whether this action has been properly removed to this Court. The R&R also finds that this Court lacks subject matter jurisdiction over this action and recommends that this case be remanded to the Magistrate Court of Henry County.

**I.    BACKGROUND**

On January 4, 2018, Plaintiff Lince Management ("Lince") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court

of Henry County, Georgia. ([1.1] at 4). The Complaint seeks possession of premises currently occupied by Defendant, past due rent, and court costs. (Id.)

On January 29, 2018, Defendant, proceeding *pro se*, removed the Henry County action to this Court by filing her Notice of Removal[1] and IFP Application. ([1]). Defendant claims in her Notice of Removal that "Respondent" violated her due process rights under the 14th Amendment and UCC 306. ([1.1] at 2).

On January 31, 2018, the Magistrate Judge issued her R&R, which recommends dismissing this action for lack of subject matter jurisdiction. The Magistrate Judge found that the complaint did not present a federal question and that diversity jurisdiction did not exist. ([3] at 2-5). The Magistrate Judge further concluded that Defendant is not entitled to a stay of dispossessory proceedings. ([3] at 5).

On February 9, 2018, Defendant filed a Response [5], requesting that "the court to reconsider its decision to allow this case to remain in Henry County Magistrate Court." ([5] at 1). Defendant argues that she has not been given an adequate chance to present evidence and asserts her belief that the judge should have recused himself because of prior dealings with Plaintiff. ([5] at 1).

---

[1] Defendant styled the filing a "Petition for Removal of Action." ([1.1]).

## II.  DISCUSSION

### A.  Standard of Review of the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant's Objection [5] merely reasserts that this Court should exercise jurisdiction to hear this case.  The Objection does not identify with any specificity any error in the Magistrate Judge's findings regarding jurisdiction or provide any additional facts pertinent to subject matter jurisdiction.

B. <u>Subject Matter Jurisdiction</u>

The Court finds no plain error in the Magistrate Judge's finding that this Court lacks subject matter jurisdiction. See <u>Slay</u>, 714 F.2d at 1095. Even if the Court were to consider Defendant's Objection [5] sufficient to require a *de novo* review, it is clear that this Court does not have jurisdiction to hear this dispossessory action.

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." <u>Id.</u>

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory warrant which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal-question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendant fails to show that the amount-in-controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g.,

Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of property Defendant currently possesses, past due rent, and court fees totaling much less than $75,000. The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The Court thus lacks subject-matter jurisdiction and this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Henry County, Georgia.

**SO ORDERED** this 31st day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE